UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE DETROIT
CARPENTERS FRINGE BENEFIT FUNDS,

      Plaintiffs,

v

HOWARD PINGSTON COMPANY, a
Michigan corporation, and HOWARD
PINGSTON, an individual,

      Defendants.
_____/

Case No. 08-11856
Hon. George Caram Steeh
Mag. Judge Steven D. Pepe

AMENDED ORDER FOR EXAMINATION OF JUDGMENT
DEBTOR AND RESTRAINING TRANSFER OF CERTAIN
PROPERTY SUPPLEMENTARY TO JUDGMENT

Howard Pingston

THIS MATTER having come before the Court on Plaintiffs' Motion for Examination of Judgment Debtor and Restraining Transfer of Certain Property Supplementary to Judgment, and said Motion having been duly filed along with a supporting Affidavit and Brief, and the Court having reviewed the same and having issued an Order on June 27, 2016 [Docket No. 98, Page ID 181-183], Plaintiffs having been unable to effect service of process upon Howard Pingston, and the Court being otherwise fully advised in the premises,

NOW THEREFORE, upon motion of Erman, Teicher, Zucker & Freedman,

P.C., attorneys for Plaintiffs,

IT IS ORDERED that Howard Pingston, whose address is 23258 Oak St., Dearborn, Michigan 48128, appear at the law offices of Erman, Teicher, Zucker & Freedman, P.C., 400 Galleria Officentre, Ste. 444, Southfield, Michigan 48034, on **Wednesday, August 31, 2016 at 10:30 a.m.** to be examined under oath concerning the income, property, or other means of satisfying the Judgment entered herein against Defendant(s) on June 29, 2009 and amended on February 22, 2010.

IT IS FURTHER ORDERED that said person shall bring with him the following books, records and papers in his possession, custody or control as they relate to Defendant Howard Pingston individually:

1. All checkbooks, check registers, check stubs, cancelled checks, bank statements and other documents whatsoever relating to any deposit, savings, passbook or like account maintained with a bank, savings and loan association, credit union or like organization, in which said defendant has, or has had, any interest, at any time during the three (3) years immediately preceding the date hereof, or date of cessation of business, whichever is earlier;

2. Copies of all returns, schedules and forms filed by, or on behalf of, defendants with the Internal Revenue Service, State of Michigan and any municipal governments, relating to any income received, property owned, business

activities, sales or intangibles tax, of defendants at any and all times during the period of three (3) years immediately preceding the date hereof or date of cessation of business, whichever is earlier.

    3.    All books of account and accounts receivable ledgers.

    4.    List of assets and liabilities.

    5.    All contracts of purchase, sale, bills of sale, certificates of title and deeds, and all other evidences of title or instruments of whatsoever kind or nature, relating to the purchase, sale or ownership of any property, real or personal, or any interest therein, purchased, sold or owned by, or on behalf of, defendants at any time during the five (5) years immediately preceding the date hereof or date of cessation of business, whichever is earlier.

    6.    Copies of all profit and loss statements and balance sheets relating to the affairs of defendants prepared by, or on behalf of, said defendants during the period of three (3) years immediately preceding the date hereof or date of cessation of business, whichever is earlier.

    7.    Payroll check stubs and other documentation concerning income from any and all sources for the three (3) years immediately preceding the date hereof through to the date of the examination. If such income is derived from a business

owned by the defendant, or family member of the defendant, the general ledger and related registers and other books of account for said business shall be produced.

IT IS FURTHER ORDERED that said defendant, Howard Pingston individually, and any third party who is served with a true and entered copy of this Order, are restrained from transferring or disposing of any property of Defendant, whether now owned, or hereafter acquired by, or becoming due to defendant, until further order of this Court.  This order does not apply to property exempt by law from application to the satisfaction of the judgment.

DATED:  July 25, 2016                s/George Caram Steeh
                                                   U.S. DISTRICT JUDGE